**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

THE REPUBLICAN NATIONAL COMMITTEE AND THE REPUBLICAN PARTY OF PENNSYLVANIA,

   Petitioners

   v.

ALL 67 COUNTY BOARDS OF ELECTIONS (ADAMS COUNTY BOARD OF ELECTIONS; ALLEGHENY COUNTY BOARD OF ELECTIONS; ARMSTRONG COUNTY BOARD OF ELECTIONS; BEAVER COUNTY BOARD OF ELECTIONS; BEDFORD COUNTY BOARD OF ELECTIONS; BERKS COUNTY BOARD OF ELECTIONS; BLAIR COUNTY BOARD OF ELECTIONS; BRADFORD COUNTY BOARD OF ELECTIONS; BUCKS COUNTY BOARD OF ELECTIONS; BUTLER COUNTY BOARD OF ELECTIONS; CAMBRIA COUNTY BOARD OF ELECTIONS; CAMERON COUNTY BOARD OF ELECTIONS; CARBON COUNTY BOARD OF ELECTIONS; CENTRE COUNTY BOARD OF ELECTIONS; CHESTER COUNTY BOARD OF ELECTIONS; CLARION COUNTY BOARD OF ELECTIONS; CLEARFIELD COUNTY BOARD OF ELECTIONS; CLINTON COUNTY BOARD OF ELECTIONS; COLUMBIA COUNTY BOARD OF ELECTIONS; CRAWFORD COUNTY BOARD OF ELECTIONS; CUMBERLAND COUNTY BOARD OF ELECTIONS; DAUPHIN COUNTY BOARD OF ELECTIONS; DELAWARE COUNTY BOARD OF ELECTIONS; ELK COUNTY BOARD OF ELECTIONS; ERIE COUNTY BOARD OF ELECTIONS; FAYETTE

: No. 136 MM 2024
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

COUNTY BOARD OF ELECTIONS;                    :
FOREST COUNTY BOARD OF                        :
ELECTIONS; FRANKLIN COUNTY BOARD              :
OF ELECTIONS; FULTON COUNTY                   :
BOARD OF ELECTIONS; GREENE                    :
COUNTY BOARD OF ELECTIONS;                    :
HUNTINGDON COUNTY BOARD OF                    :
ELECTIONS; INDIANA COUNTY BOARD              :
OF ELECTIONS; JEFFERSON COUNTY               :
BOARD OF ELECTIONS; JUNIATA                   :
COUNTY BOARD OF ELECTIONS;                    :
LACKAWANNA COUNTY BOARD OF                    :
ELECTIONS; LANCASTER COUNTY                   :
BOARD OF ELECTIONS; LAWRENCE                  :
COUNTY BOARD OF ELECTIONS;                    :
LEBANON COUNTY BOARD OF                       :
ELECTIONS; LEHIGH COUNTY BOARD OF            :
ELECTIONS; LUZERNE COUNTY BOARD              :
OF ELECTIONS; LYCOMING COUNTY                :
BOARD OF ELECTIONS; MCKEAN                    :
COUNTY BOARD OF ELECTIONS;                    :
MERCER COUNTY BOARD OF                        :
ELECTIONS; MIFFLIN COUNTY BOARD              :
OF ELECTIONS; MONROE COUNTY                   :
BOARD OF ELECTIONS; MONTGOMERY               :
COUNTY BOARD OF ELECTIONS;                    :
MONTOUR COUNTY BOARD OF                       :
ELECTIONS; NORTHAMPTON COUNTY                :
BOARD OF ELECTIONS;                           :
NORTHUMBERLAND COUNTY BOARD OF               :
ELECTIONS; PERRY COUNTY BOARD OF             :
ELECTIONS; PHILADELPHIA COUNTY               :
BOARD OF ELECTIONS; PIKE COUNTY              :
BOARD OF ELECTIONS; POTTER                    :
COUNTY BOARD OF ELECTIONS;                    :
SCHUYLKILL COUNTY BOARD OF                    :
ELECTIONS; SNYDER COUNTY BOARD               :
OF ELECTIONS; SOMERSET COUNTY                :
BOARD OF ELECTIONS; SULLIVAN                  :
COUNTY BOARD OF ELECTIONS;                    :
SUSQUEHANNA COUNTY BOARD OF                   :
ELECTIONS; TIOGA COUNTY BOARD OF             :
ELECTIONS; UNION COUNTY BOARD OF             :
ELECTIONS; VENANGO COUNTY BOARD              :
OF ELECTIONS; WARREN COUNTY                   :
BOARD OF ELECTIONS; WASHINGTON               :

COUNTY BOARD OF ELECTIONS; WAYNE　　:
COUNTY BOARD OF ELECTIONS;　　　　　:
WESTMORELAND COUNTY BOARD OF　　:
ELECTIONS; WYOMING COUNTY BOARD　:
OF ELECTIONS; AND YORK COUNTY　　:
BOARD OF ELECTIONS),　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Respondents　　　　　:


## DISSENTING STATEMENT

**JUSTICE DONOHUE**　　　　　　　　**FILED:  November 18, 2024**

I am unpersuaded that the Republican National Committee and Republican Party of Pennsylvania ("Petitioners") have established grounds for this Court to exercise its sparingly invoked King's Bench jurisdiction because  there is an avenue for review of the challenges Petitioners raise[1] found in Section 3157 of the Election Code.  I have far more confidence in our courts of common pleas to apply the law than do some of my colleagues.

Section 3157(a)  provides in relevant part as follows:

> **Any person aggrieved by any order or decision of any county board regarding the computation or canvassing of the returns of any primary or election … may appeal therefrom within two days after such order or decision shall have been made,** whether then reduced to writing or not, to the court specified in this subsection, setting forth why he feels that an injustice has been done, and praying for such order as will give him relief. … Upon the payment to the prothonotary of a fee for filing such appeal, **a judge of the court shall fix a time and place for hearing the matter in dispute within three days thereafter,** of which due notice

---

[1] Although Petitioners nominally seek an exercise of our King's Bench or extraordinary jurisdiction, at no point do they ask the Court to assume jurisdiction over the appeals they have pending in various courts of common pleas.  *See* 42 Pa.C.S. § 726 (providing that through extraordinary jurisdiction, this Court "may … assume plenary jurisdiction" over any matter pending before a tribunal involving an issue of immediate public importance).

shall be served, with a copy of such appeal, by the appellant upon a member of the county board whose action is complained of and upon every attorney, watcher or candidate who opposed the contention of the appellant before the county board, and upon any other person that the judge shall direct, at least two days before the matter shall be reviewed by the court.

25 P.S. § 3157(a) (emphasis added).

Petitioners identify three counties in which they claim the county boards of election are improperly counting undated and/or misdated mail in ballots. Petitioners allege that Bucks County Board of Elections has counted 405 such mail-in against the advice of its counsel. Application for the Exercise of Kings' Bench or Extraordinary Jurisdiction ("Application"), 11/14/2024, at 9. Petitioners filed a statutory appeal from this determination on November 13, 2024. *See id.* at 10; Philadelphia, Montgomery and Bucks County Boards of Elections' Answer, 11/15/2024, at 4 (citing *McCormick v. Bucks Cty. Bd. of Elecs.*, No. 2024-7228 (Bucks Cty.)). Petitioners further assert that Philadelphia and Centre Counties "have similarly decided to count undated and misdated ballots[,]" yet they provided no further detail. Application at 9. Petitioners admit that they are challenging these decisions in the Philadelphia and Centre County Courts of Common Pleas. *Id.* Respondents reveal that Petitioners filed their statutory challenge in Philadelphia County on November 15, 2024 (the same day Petitioners filed this Application), *id.*, and that while Petitioners filed a statutory appeal in Centre County, it was "dismissed with prejudice as jurisdictionally time-barred." Centre County Board of Election's Response, 11/15/2024, at 3. Although they do not identify it in their Application, Petitioners also filed a statutory appeal in Montgomery County.

By their very actions, Petitioners demonstrate that there is an existing avenue of review for their challenges to the decisions of these Boards of Elections. For instance, publicly available dockets reveals that a hearing is scheduled for tomorrow, November 19, 2024, in Bucks County on Petitioners' statutory appeal. Quite simply, there is nothing

extraordinary or urgent about the Petitioners' challenges. They are challenging the decision of three county boards of elections to count certain mail-in ballots. Their ability to do so – and the timeframe in which to do so – is clearly established in Section 3157. If the court of common pleas does not grant the relief they seek, Petitioners have the right to appeal to the Commonwealth Court. Pursuant to an order this Court entered on August 27, 2024, the period for filing that appeal has been truncated and the appeals process expedited, ensuring that these challenges move through the normal appellate process in an expeditious manner.[2] Although Petitioners make the claim that time is of the essence, they do not explain why. Any concerns about expediency have been accounted for in our August 27, 2024 order.

Moreover, entering an order of statewide effect effectively resurrects Petitioners' fatally untimely appeal in Centre County and awards them the relief they sought, despite their botched attempt to comply with the terms of the Election Code, and also grants Petitioners relief in any and all counties in which they did not file a statutory appeal. It should not be ignored that Petitioners filed this Application after they found themselves out of court in Centre County because of their failure to comply with the statutory appeals timeframe. Allowing litigants to circumvent the statutorily established timeframe in Section 3157(a) under the guise of a King's Bench petition, in my view, causes confusion and sows distrust in the judiciary, as the Court has voted to patently flout an appeal

---

[2] *See In re Temporary Modification and Suspension of the Rules of Appellate Procedure and Judicial Administration for Appeals Arising Under the Pennsylvania Election Code*, 622 J.A., 8/27/2024 (per curiam) (modifying Pa.R.A.P. 903(c)(1)(ii) to reduce the ten-day appeal period for a matter arising under the Election Code to three days, modifying Pa.R.A.P. 1113(c)(1) to reduce the ten-day period for filing a petition for allowance of appeal from an order arising under the Election Code to three days, excluding holidays and weekends from the calculation of these deadlines, providing that appellant's briefs must be filed within twenty-four hours of the notice of appeal, and providing that no reply briefs, reconsideration or reargument petitions will be permitted).

procedure established by our General Assembly.   For these reasons, and my confidence in our courts of common pleas to apply the law, I dissent from the order entered today.

Chief Justice Todd and Justice McCaffery join this dissenting statement.